UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMON CAUSE NEW YORK, as an organization and on behalf of its members; BENJAMIN BUSCHER, and SEAN HENNESSEY;<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF ELECTIONS IN THE CITY OF NEW YORK; MARIA R. GUASTELLA, FREDERIC M. UMANE, JOSE MIGUEL ARAUJO, JOHN FLATEAU, LISA GREY MICHAEL MICHEL, MICHAEL A. RENDINO, ALAN SCHULKIN, SIMON SHAMOUN, ROSANNA VARGAS, in their official capacities as Commissioners of the Board of Elections in the City of New York; and MICHAEL J. RYAN, in his official capacity as the Executive Director of the Board of Elections in the City of New York;<br><br>Defendants. | CV16 6122 Case No. _____<br><br>GARAUFIS, J.<br>SCANLON, M.J.<br><br>COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF |

Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, for their Complaint for Injunctive and Declaratory Relief, allege upon knowledge as to their own conduct and upon information and belief as to the conduct of others, as follows:

## INTRODUCTION

1.  This action seeks to prevent the disenfranchisement of registered voters who were removed from the New York City voter registration rolls in violation of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501 et seq.

1

2. Sections 8(a)(3) and 8(d) of the NVRA prohibit election officials from removing voters eligible to vote in federal elections from the official voter registration list unless the registrant "(A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or (B)(i) has failed to respond to a notice described in paragraph (2); and (ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice." 52 U.S.C. §20507(d).

3. Plaintiffs, however, include registered voters who were improperly removed from the voter registration list and declared ineligible to vote in the upcoming Presidential election, or represent voters who were improperly removed, because Defendants failed to comply with Sections 8(a)(3) and 8(d) of the NVRA.

4. Without immediate relief from this Court, Plaintiffs and other similarly situated voters will be deprived of their right to vote in the November 8, 2016 election.

5. This case meets all the requirements of Rule 65 of the Federal Rules of Civil Procedure regarding injunctive relief.

6. Though notice of suit is not required under the NVRA because Plaintiffs did not become aware of Defendants' violation more than 30 days before the date of the federal election, *see* 52 U.S.C. § 20510(b)(3), Plaintiffs' counsel provided notice of this suit and emergency request for relief to the New York City Board of Elections today, November 3, 2016, at 1:34 pm.

## JURISDICTION AND VENUE

7. This action is brought pursuant to the NVRA's private right of action, 52 U.S.C. § 20510 and 42 U.S.C. § 1983. This Court therefore has subject matter jurisdiction over Plaintiffs' claims because Plaintiffs' claims arise under federal law. 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over Defendants, all of whom are sued in their official capacities and are either government entities, elected, or appointed officials in New York City and New York State. All Defendants work or reside in the State of New York.

9. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division. Specifically, Plaintiffs Hennessey and Buscher are permanent residents of Brooklyn, New York and were improperly removed from the voter registration list in Kings County.

## PARTIES

### A. Organizational Plaintiff

10. Plaintiff Common Cause, New York State ("Common Cause NY") is the New York State Chapter of Common Cause, a nonpartisan grassroots organization dedicated to promoting an open, honest, and accountable government. Common Cause NY has approximately 20,000 activists and members throughout New York City, out of a total of more than 40,000 activists and members in New York State.

11. As part of its work to empower ordinary people and strengthen public participation in institutions of government, Common Cause NY works to register voters, encourage their participation, and protect their right to vote. Common Cause NY's efforts therefore mirror the NVRA's stated goals of "increas[ing]" the number of eligible citizens who register to vote in elections for Federal offices" and implementing procedures at all levels of government to "enhance[] the participation of eligible citizens as voters in elections for Federal office." 52 U.S.C. § 20505

12. Defendants' actions have adversely impacted Common Cause NY and its members. The complained-of actions have frustrated Common Cause NY's purpose of ensuring

3

that citizens eligible to vote are afforded the right to do so. As a result of Defendants' action, Common Cause NY has been forced to expend significant resources to address voters' concerns about the NYC BOE's voter list maintenance procedures.

**B.     Individual Plaintiffs**

13.     The Individual Plaintiffs named in this complaint are Benjamin Buscher and Sean Hennessey (collectively, the "Individual Plaintiffs").

14.     Plaintiff Benjamin Buscher is a United States citizen and satisfies all of the eligibility requirements for voting in New York State. He is a permanent resident of New York City who resides in Brooklyn, New York.

15.     Plaintiff Sean Hennessey is a United States citizen and satisfies all of the eligibility requirements for voting in New York State. He is a permanent resident of New York City who resides in Brooklyn, New York.

**C.     Defendants**

16.     Defendant Board of Elections in the City of New York (hereinafter "NYC BOE") is Board of Elections for the City of New York.

17.     The Individual Defendants named herein are named only in their official capacities and are named as the City and local officials responsible for the implementation and enforcement of the purge.

18.     Defendant Peter S. Kosinski (hereinafter "Defendant Kosinski) is the Co-Chair of the New York State Board of Elections (hereinafter "NYS BOE").

19.     Defendant Maria R. Guastella (hereinafter "Defendant Guastella") is the President of the NYC BOE.

20.     Defendant Frederic M. Umane (hereinafter "Secretary Umane") is the Secretary of the NYC BOE.

21. Defendant Jose Miguel Araujo (hereinafter "Defendant Araujo") is an NYC BOE Commissioner.

22. Defendant John Flateau (hereinafter "Defendant Flateau") is an NYC BOE Commissioner.

23. Defendant Lisa Grey (hereinafter "Defendant Grey") is an NYC BOE Commissioner.

24. Defendant Michael Michel (hereinafter "Defendant Michel") is an NYC BOE Commissioner.

25. Defendant Michael A. Rendino (hereinafter "Defendant Rendino") is an NYC BOE Commissioner.

26. Defendant Alan Schulkin (hereinafter "Defendant Schulkin") is an NYC BOE Commissioner.

27. Defendant Simon Shamoun (hereinafter "Defendant Shamoun") is an NYC BOE Commissioner.

28. Defendant Rosanna Vargas (hereinafter "Defendant Vargas") is an NYC BOE Commissioner.

29. Defendant Michael J. Ryan (hereinafter "Defendant Ryan") is Executive Director of the NYC BOE.

## FACTUAL ALLEGATIONS

### A. The National Voter Registration Act

30. Congress enacted the NVRA in 1993 to "(1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office; (2) to make it possible for Federal, State, and local governments to implement this chapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office; (3) to

5

protect the integrity of the electoral process; and (4) to ensure that accurate and current voter registration rolls are maintained." 52 U.S.C. § 20501.

31. Section 8 of the NVRA governs a State's maintenance of the voter list in advance of a federal election. Section 8(a) provides "that the name of a registrant may not be removed from the official list of eligible voters except" for certain limited instances, including "a change in the residence of the registrant, in accordance with" Section 8(d). 52 U.S.C. §§ 20507(a)(3)-(4).

32. Section 8(d) of the NVRA provides:

> A State shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant—
>
> (A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or
>
> (B)(i) has failed to respond to a notice described in paragraph (2); and (ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.

*Id.* § 20507(d)(1).

33. Section 8 further provides that if "the registrant… changed residence but remained in the registrar's jurisdiction, the registrant should return the card not later than the time provided for mail registration…" *Id.* § 20507(d)(2)(A). If the voter does not return the card, "affirmation or confirmation of the registrant's address may be required before the registrant is permitted to vote in a Federal election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice…" *Id.*

6

**B. Defendants Have Improperly Removed Registered Voters From The Voter Registration List**

34. As further detailed in the attached declarations by the Individual Plaintiffs, Defendants have removed Mr. Buscher, Mr. Hennessey, and other similarly situated individuals from the voter registration rolls without complying with Section 8 of the NVRA.

*Defendants Informed Mr. Buscher That They Cancelled His Voter Registration*

35. Mr. Buscher is a permanent resident of New York State and New York City who registered to vote in New York City in 2008.

36. Between 2008 and 2014, Mr. Buscher moved between various residences in New York City. He voted in several elections during that time frame in New York City, including the 2008 and 2012 presidential election.

37. At the time of the November 2012 presidential election, Mr. Buscher resided at 15 Ann Street, New York, NY, 10038 and voted in the polling place associated with that address.

38. In February 2014, Mr. Buscher temporarily moved to Virginia to attend training related to his job at the United States Department of State. In September of 2014, he temporarily moved abroad to do work for the United States Department of State.

39. Though he temporarily moved, Mr. Buscher continued to maintain a residence in New York City during that period.

40. Since 2014, Mr. Buscher's permanent address has been 1041 77th Street, Brooklyn, New York, 11228.

41. Because Mr. Buscher knew he would not be in New York City on November 8, 2016, he applied for an absentee ballot on October 3, 2016. He applied for the absentee ballot using his permanent address.

42. Around October 19, 2016, he became concerned that he had not received a ballot or any notice regarding the status of his application. Accordingly, he made several phone calls to the NYC BOE and branch offices to inquire as to the status of his ballot.

43. An employee of the NYC BOE informed Mr. Buscher that his registration was not valid and the registration deadline for the November election had passed.

44. Through the assistance of the Lawyers' Committee for Civil Rights Under Law, Mr. Buscher learned that the NYC BOE received a change of address for Mr. Buscher from the U.S. Postal Service to an address in Virginia in May 2014. The NYC BOE then sent a Notice of Intent To Cancel his registration.

45. Mr. Buscher never received that Notice and so could not respond to it.

46. On August 5, 2014, NYC BOE cancelled Mr. Buscher's voter registration, though two general elections for federal office had not occurred since it sent its notice to him.

47. In informing Mr. Buscher of these events, the general counsel of the NYC BOE, Steven Richman, cited state law as Defendants' basis for removing him from the voter rolls.

*Defendants Informed Mr. Hennessey That They Cancelled His Voter Registration*

48. Mr. Hennessey is a permanent resident of New York State and New York City who registered to vote in New York City in 2008.

49. Between 2008 and 2014, Mr. Hennessy moved between various residences in New York City. He voted in several elections during that time frame in New York City, including the 2008 and 2012 presidential election.

50. At the time of the November 2012 presidential election, Mr. Hennessey resided at 15 Ann Street, New York, NY, 10038, and voted at the voting precinct associated with that address.

51. In May of 2014, Mr. Hennessey temporarily moved to Virginia to join Mr. Buscher, who was attending a training program there. In September of 2014, Mr. Hennessey temporarily moved abroad with Mr. Buscher for his job.

52. Though he temporarily moved, Mr. Hennessey continued to maintain a residence in New York City during that period.

53. Since 2014, Mr. Hennessey's permanent address has been 1041 77th Street, Brooklyn, New York, 11228.

54. Because Mr. Hennessey knew he would not be in New York City on November 8, 2016, he applied for an absentee ballot on October 3, 2016. He applied for the absentee ballot using his permanent address.

55. Around October 19, 2016, he became concerned that he had not received a ballot or any notice regarding the status of his application. Accordingly, he called the New York County and Kings County election offices to inquire about the status of his ballot.

56. Employees at both offices informed Mr. Hennessey that his registration was not valid, he could not vote in the November 2016 election, and the deadline for registering for the election had passed.

57. Through the assistance of the Lawyers' Committee for Civil Rights Under Law, Mr. Hennessey learned that the NYC BOE received a change of address for Mr. Hennessey from the U.S. Postal Service to an address in Virginia in May 2014. The NYC BOE then sent a Notice of Intent To Cancel his registration.

58. Mr. Hennessey never received that Notice and so could not respond to it.

59. A NYC BOE employee informed Mr. Hennessey that the Notice was returned to it as undeliverable.

60. On August 5, 2014, NYC BOE cancelled Mr. Buscher's voter registration, though two general elections for federal office had not passed.

61. In informing Mr. Hennessey of these events, the general counsel of the NYC BOE, Steven Richman, cited state law as Defendants' basis for removing him from the voter rolls.

### *Defendants Have Improperly Purged Similarly Situated Voters From the Voter Registration List*

62. Upon information and belief, Defendants have removed many other similarly situated individuals from the voter registration list without complying with Section 8 of the NVRA.

63. In April 2016, press reports revealed that the NYC BOE mistakenly removed more than 120,000 voters from the voter rolls before the presidential primary.

64. Though the NYC BOE took steps to reinstate voters, the reinstatement only affected voters who were removed from the lists on June 18, 2015 and July 5, 2015. *See* http://www.wnyc.org/story/board-elections-returns-purged-brooklyn-voters-rolls/.

65. Such measures, therefore, did not reinstate voters like Mr. Buscher and Mr. Hennessey, who were removed from the voter registration list on August 5, 2014.

## CLAIMS

### COUNT 1: Violations of Section 8 of the NVRA –
### Voter Registration List Maintenance

66. Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

67. Section 8(d) of the NVRA provides that a State "shall not remove the name of a registration from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant—"

> (A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or
>
> (B)(1) has failed to respond to notice describe in paragraph (2); and (ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.

52 U.S.C. § 20507(d)(1).

68. Section 8(a)(3) prohibits the removal of any registrant "from the official list of eligible voters" in any election for federal office unless the registrar complies with the requirements of Section 8(d)

69. Defendants removed Individual Plaintiffs and similarly situated voters from the voter registration rolls absent: (a) confirmation in writing that Individual Plaintiffs and similarly situated voters changed residence to a place outside the registrar's jurisdiction, or (b) failure to respond to the requisite notice provision, and failure to vote or appear to vote, or correct the registrar's record of the registrant's address, in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurred after the date of the notice.

11

70. NYC BOE allegedly sent Mr. Buscher and Mr. Hennessey notices of intent to cancel in May 2014, and cancelled their registrations in August 2014, a mere three months after NYC BOE issued the notices in violation of Section 8(d) of the NVRA. Two general elections for federal office had not passed. Mr. Buscher and Mr. Hennessey should therefore have remained on the voter registration rolls.

71. NYC BOE removed similarly situated voters from voter registration rolls in violation of Section 8(d) of the NVRA, and failed to reinstate affected voters.

**COUNT 2: Violations of Elections Clause, U.S. Const. Art. I, § 4, cl. 1;**
**42 U.S.C. § 1983) –**
**Federal Preemption**

72. Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

73. The Elections Clause of the U.S. Constitution mandates that federal law preempts state law in any area where Congress has taken action to "make or alter" the "Times, Places and Manner of holding Elections" for federal office. U.S. Const. Art. I, § 4, cl. 1.

74. Upon information and belief, NYC BOE has consistently and systematically flouted the NVRA.

75. NYC BOE removed Plaintiffs and other similarly situated voters from the voter registration rolls under state election law in violation of Section 8.

76. NYC BOE's purge of voter registrants conflicts with the text, purpose, and intent of the NVRA by purging voter registrants absent written confirmation of change of residence outside the registrar's jurisdiction, or absent the registrant's failure to respond to notice of cancellation or failure to appear to vote, or correct the registrar's record of the registrant's address, in an election during the period beginning on the date of the notice and ending on the

day after the date of the second general election for Federal office that occurred after the date of the notice.

77. The NVRA preempts the NYC BOE's implementation of any state law. Defendants should therefore be forced to reinstate Plaintiffs and other similarly situated voters to the voter registration rolls so that they can vote on November 8, 2016.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

A. An Order declaring that the Plaintiffs have been unlawfully purged and shall be permitted to vote in the November 8, 2016 General Election;

B. An Order Declaring Defendants' purge of registered voters under New York State Election Law Section 5-402 is preempted by the NVRA.

C. An Order Requiring Defendants to restore the registration of Individual Plaintiffs and any similarly-situated voters whose voter registration Defendants have purged.

D. An Order Requiring Defendants take such steps as are necessary to assure that voters who have been purged are eligible to participate in the November 8, 2016 General Election.

E. An Order Directing Defendants send Individual Plaintiffs and other purged voters similarly situated, overnight and via Federal Express, absentee ballots by November 5, 2016 such that their votes will be counted in the November 8, 2016 General Election should they cast their ballot.

F. An Order Directing Defendants send any purged voter who voted in the November 2012 General Election, or any federal general election since November 2012 until the present, overnight and via Federal Express, absentee ballots such that their votes will be counted in the November 8, 2016 General Election should they cast their ballot.

G. Award Plaintiffs attorneys' fees and costs pursuant to 52 U.S.C. § 20510 and 42 U.S.C. § 1983.

H. Award any other relief the Court deems just and proper.

Dated: November 3, 2016

Respectfully submitted,

By: /s/ Neil A. Steiner

Neil A. Steiner
Mauricio A. España
May K. Chiang
Jamie Hacker
Negin Hadaghian

DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Juan Cartagena (JC5087)
Jose Perez
Joanna E. Cuevas Ingram (JC2704)
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
jcartagena@latinojustice.org
jcuevas@latinojustice.org

Ezra D. Rosenberg
John Powers
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005
(202) 662-8389
erosenberg@lawyerscommittee.org
*(Pro hac vice admission pending)*