UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COMMON CAUSE NEW YORK, et al.

    Plaintiffs,

-against-

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK, et al.

    Defendants.

2016 NOV -3 PM 4:20

Case No. CV 16 6122

GARAUFIS, J.
SCANLON, M.J.

## MEMORANDUM OF LAW IN SUPPORT
## OF PLAINTIFFS' EMERGENCY MOTION FOR PRELIMINARY INJUNCTION AND DECLARATORY RELIEF

Plaintiffs submit this memorandum of law, along with the Declaration of Mauricio A. España, in support of their emergency motion for preliminary injunction and declaratory relief. Without the Court's intervention, Benjamin Buscher and Sean Hennessey (collectively, the "Individual Plaintiffs"), and any other individuals who have been improperly purged, will be irreparably harmed because Defendants' purging of their names from the voter registration rolls in violation of the express proscriptions in the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20501, et seq. will deprive them of their constitutional right to vote and will disenfranchise them in the November 8, 2016 general election. This Court should grant Plaintiffs' emergency motion for a preliminary injunction (i) declaring that Defendants' practice of purging voters, including the individual plaintiffs, from the voter registration rolls under New York State Election Law Section 5-402 is preempted by the NVRA; (ii) directing Defendants to reinstate Plaintiffs Buscher and Hennessey to the voter registration rolls and provide absentee

1

ballots to them by electronic mail or, if that is impossible, by overnight mail to arrive no later than November 5, 2016, so that they may return the ballots in time to vote in the November 8, 2016 general election, (iii) directing Defendants to count the affidavit ballots of any voter who was previously registered to vote in New York City, voted in the 2012 general election or a more recent federal election, and continues to reside in New York City; and (iv) directing Defendants to take any other steps that are necessary to ensure that any voters removed from the voter registration list in violation of Section 8 of the NVRA may vote an affidavit ballot that will be counted in the November 8, 2016 election..

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, plaintiffs seeking a preliminary injunction must demonstrate that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *New York Progress and Protection PAC v. Walsh*, 733 F.3d 483, 486 (2d Cir. 2013) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

First, Plaintiffs are likely to succeed on the merits of their claims. Benjamin Buscher and Sean Hennessey (collectively, the "Individual Plaintiffs") are individuals who were registered to vote in New York City, who voted in New York City in the 2012 presidential election, and who Defendants wrongfully removed from the voter registration rolls in violation of the NVRA. Section 8 of the NVRA governs a State's maintenance of the voter rolls in advance of a federal election. Section 8(d) provides:

> A State shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant—
>
> (A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

2

> (B)(i) has failed to respond to a notice described in paragraph (2); and
> **(ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.**

*Id.* § 20507(d)(1) (emphasis added).

Defendants admit to purging the Individual Plaintiffs from the voter rolls without having complied with the strictures of Section 8(d). *See* Declaration of Neil A. Steiner, Exhibit A-1. As Exhibit 1 to the Steiner Declaration unequivocally shows, Defendants acknowledged that they removed the Individual Plaintiffs from the voter rolls only *three months* after sending a notice of intent to cancel voter registration. Defendants did so under color of state law, without any regard for the NVRA requirements set forth in Section 8(d). In failing to wait for the Individual Plaintiffs to fail to vote in two general elections for federal office before purging their registrations, Defendants' actions violated the NVRA, lacked any basis in applicable federal law, and caused a wholesale denial of Plaintiffs' fundamental right to vote. Upon information and belief, thousands of other New York City residents, many of whom will show up to the polls to vote in person on Election Day, have similarly been purged as a result of Defendants' improper actions. Those voters, too, will face irreparable harm if they are denied a ballot. Plaintiffs are therefore likely to succeed on the merits of their claims.

Second, in the absence of injunctive relief from this Court, the Individual Plaintiffs, and other individuals who have also been improperly purged from the voter registration rolls, will suffer irreparable harm because they will not be able to exercise their constitutional right to vote in the November 8, 2016 general election. The right to vote is a "fundamental political right . . . preservative of all rights." *Yick Wo v. Hopkins*, 118 U.S. 356 (1886). Accordingly, courts have long recognized that any unlawful restriction on an individual's right to vote constitutes

3

irreparable injury. *See Williams v. Salerno*, 792 F.2d 323, 326 (2d Cir. 1986) (finding college students prevented from registering to vote using their college addresses would "certainly suffer irreparable harm if their right to vote were impinged on"); *Westchester Disabled On the Move, Inc. v. Cnty. of Westchester*, 346 F. Supp. 2d 473, 478 (S.D.N.Y. 2004) (failure to ensure disabled individuals could cast votes in person at assigned voting locations constituted irreparable harm); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012) ("A restriction on the fundamental right to vote . . . constitutes irreparable injury.").

Third, the balance of the equities decidedly tip, and are weighted, in Plaintiffs' favor. *See Kaplan v. Bd. of Educ.*, 759 F.2d 256, 259 (2d Cir. 1985). While the requested relief may cause Defendants some administrative inconvenience, such administrative inconvenience pales in comparison to the fact that the Individual Plaintiffs would otherwise be disenfranchised from exercising their constitutional right to vote in this election. There is no doubt, therefore, that the balance of the equities favor Plaintiffs.

Finally, injunctive relief in favor of Plaintiffs, reinstating their right to vote and enjoining Defendants' unlawful restrictions, will advance the public interest. The public interest "favors permitting as many qualified voters to vote as possible." *Obama for Am.*, 697 F.3d at 437; *see Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006) (recognizing the public's "strong interest in exercising the 'fundamental political right' to vote") (quoting *Dunn v. Blumstein*, 405 U.S. 330, 336 (1972); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 281 F. Supp. 2d 436, 456-57 (N.D.N.Y. 2003) (finding public interest weighed strongly in favor of granting plaintiffs' request for injunctive relief where subject redistricting plan was likely to violate the Voting Rights Act). Not only will the Individual Plaintiffs be allowed to cast their votes in this

upcoming election, but also Defendants will be forced to restore voting rights to an as-yet unknown number of disenfranchised and purged voters.

## CONCLUSION

For the foregoing reasons, this Court should enter an order granting Plaintiffs' emergency motion for a preliminary injunction and declaratory relief and such further relief it deems just and proper.

Dated: November 3, 2016

Respectfully submitted,

By: /s/ Neil A. Steiner
Neil A. Steiner
Mauricio A. España
May K. Chiang
Jamie Hacker
Negin Hadaghian

DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3822
neil.steiner@dechert.com

Juan Cartagena (JC5087)
Jose Perez
Joanna E. Cuevas Ingram (JC2704)
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
jcartagena@latinojustice.org
jcuevas@latinojustice.org

Ezra D. Rosenberg
John Powers
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005
(202) 662-8389
erosenberg@lawyerscommittee.org
*(Pro Hac Vice admission pending)*