**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| COMMON CAUSE NEW YORK, as an organization and on behalf of its members; BENJAMIN BUSCHER; SEAN HENNESSEY; REBECCA LIBED; ANDREW GERALD; SUSAN MILLER; and SARAH MILAM; <br><br> Plaintiffs, <br><br> v. <br><br> BOARD OF ELECTIONS IN THE CITY OF NEW YORK; MARIA R. GUASTELLA, FREDERIC M. UMANE, JOSE MIGUEL ARAUJO, JOHN FLATEAU, LISA GREY MICHAEL MICHEL, MICHAEL A. RENDINO, ALAN SCHULKIN, SIMON SHAMOUN, ROSANNA VARGAS, in their official capacities as Commissioners of the Board of Elections in the City of New York; and MICHAEL J. RYAN, in his official capacity as the Executive Director of the Board of Elections in the City of New York; <br><br> Defendants. | Case No. 1:16-cv-06122-NGG-VMS <br><br><br> **FIRST AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF** |

Plaintiffs, on behalf of themselves and all others similarly situated, by and through undersigned counsel, for their Complaint for Injunctive and Declaratory Relief, allege upon knowledge as to their own conduct and upon information and belief as to the conduct of others, as follows:

1

## INTRODUCTION

1.      This action seeks to redress New York City's removal of registered voters from the voter registration rolls in violation of the National Voter Registration Act of 1993 ("NVRA"), 52 U.S.C. § 20501 et seq.

2.      Sections 8(a)(3) of the NVRA provides that "the name of a registrant may not be removed from the official list of eligible voters except (A) at the request of the registrant; (B) as provided by State law, by reason of criminal conviction or mental incapacity; or (C) as provided under paragraph (4)." 52 U.S.C. § 20507(a)(3). The further subsection referenced in Section 8(a)(3) refers to the removal of ineligible voters by reason of death or change in the residence of the registrant in accord with the NVRA. *Id*. § 20507(a)(4).

3.      Section 8(d) of the NVRA prohibits election officials from removing voters eligible to vote in federal elections from the official voter registration list unless the registrant "(A) confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or (B)(i) has failed to respond to a notice described in paragraph (2); and (ii) has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice." 52 U.S.C. §20507(d).

4.      Plaintiffs include registered voters who were improperly removed from the voter registration list and declared ineligible to vote in the election held on November 8, 2016, and an organization that represents and assists voters who were improperly removed.

5.      This case meets all of the requirements of Rule 65 of the Federal Rules of Civil Procedure regarding injunctive relief.

6.     Defendants have prior notice of this suit due to Plaintiffs' Original Complaint. *See* Dkt. 1.

## JURISDICTION AND VENUE

7.     This action is brought pursuant to the NVRA's private right of action, 52 U.S.C. § 20510, and 42 U.S.C. § 1983.  This Court therefore has subject matter jurisdiction over Plaintiffs' claims because Plaintiffs' claims arise under federal law.  28 U.S.C. § 1331.

8.     This Court has personal jurisdiction over Defendants, all of whom are sued in their official capacities and are either government entities, elected, or appointed officials in New York City and New York State.  All Defendants work or reside in the State of New York.

9.     Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district and in this division.

## PARTIES

A.     Organizational Plaintiff

10.     Plaintiff Common Cause, New York State ("Common Cause NY") is the New York State Chapter of Common Cause, a nonpartisan grassroots organization dedicated to promoting an open, honest, and accountable government.  Common Cause NY has approximately 20,000 members and activists throughout New York City, out of a total of more than 40,000 members and activists throughout New York State.

11.     As part of its work to empower ordinary people and strengthen public participation in institutions of government, Common Cause NY works to register voters, encourage their participation, and protect their right to vote.  Common Cause NY's efforts therefore mirror the NVRA's stated goals of "increas[ing]" the number of eligible citizens who register to vote in elections for Federal offices" and implementing procedures at all levels of

3

government to "enhance[] the participation of eligible citizens as voters in elections for Federal office." 52 U.S.C. § 20505.

12.    Defendants' actions have adversely impacted Common Cause NY and its members.  The complained-of actions have frustrated Common Cause NY's purpose of ensuring that citizens eligible to vote are afforded the right to do so.  As a result of Defendants' actions, Common Cause NY has been forced to expend significant resources to address voters' concerns about the NYC BOE's voter list maintenance procedures.

13.    During and after the April 2016 primary election, for example, Common Cause NY became aware that voters may have been wrongly purged from the voter rolls despite those individuals having voted in previous elections and believing they were registered.

14.    Following the primary election, Common Cause NY staff members immediately assisted many voters who had allegedly been purged by clarifying their registration status and, where necessary, helping ensure that they became registered for the November 2016 election. Common Cause NY spent a significant amount of time and other resources following up on voter complaints.  Common Cause NY staff called voters, gathered details about their particular circumstances, checked their registration status using the online New York State lookup tool or directed voters to that website, and provided them with instructions on how to register again or check the status of an affidavit ballot, if necessary.

15.    Through their investigation, Common Cause NY spoke to numerous individuals who were wrongfully purged earlier this year.  One of these voters contacted the NYC BOE about being restored to the registration list but was unsuccessful.  He ultimately was unable to vote in the November 2016 election, even though he had previously voted in the November 2012 election in New York City.

4

16.     Some of the voters who reported that they had been purged from the voter rolls before the April primary election were members of Common Cause NY.

17.     Common Cause NY catalogued its efforts in a detailed manner, collecting information from various sources and repeatedly seeking to collect information through the NYC BOE.  Common Cause NY prepared a time-consuming Freedom of Information Law request and conducted telephonic and in-person interviews with NYC BOE personnel.  Common Cause NY continues to expend efforts to address voters' concerns with the NYC BOE's maintenance of voter records.

**B.     Individual Plaintiffs**

18.     The Individual Plaintiffs named in this complaint are Benjamin Buscher, Sean Hennessey, Rebecca Libed, Andrew Gerald, Susan Miller, and Sarah Milam (collectively, the "Individual Plaintiffs").

19.     Plaintiff Benjamin Buscher is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  He is a permanent resident of New York City who resides in Brooklyn, New York.

20.     Plaintiff Sean Hennessey is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  He is a permanent resident of New York City who resides in Brooklyn, New York.

21.     Plaintiff Rebecca Libed is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  She is a permanent resident of New York City who resides in New York, New York.

22.     Plaintiff Andrew Gerald is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  He is a permanent resident of New York City who resides in Staten Island, New York.

23.     Plaintiff Susan Miller is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  She is a permanent resident of New York City who resides in New York, New York.

24.     Plaintiff Sarah Milam is a United States citizen and satisfies all of the eligibility requirements for voting in New York State.  She is a permanent resident of New York City who resides in New York, New York.

**C.     Defendants**

25.     Defendant Board of Elections in the City of New York (hereinafter "NYC BOE") is responsible under New York State Election Law for, among other things: (1) voter registration, outreach and processing; (2) maintaining and updating voter records; (3) recruiting, training and assigning the various Election Day officers to conduct elections; (4) operating poll site locations; (5) ensuring each voter their right to vote at the polls or by absentee ballot; and (6) canvassing and certifying the vote.

26.     The Individual Defendants named herein are named only in their official capacities and are named as the City and local officials responsible for the implementation and enforcement of the purge.

27.     Defendant Maria R. Guastella (hereinafter "Defendant Guastella") is the President of the NYC BOE.

28.     Defendant Frederic M. Umane (hereinafter "Secretary Umane") is the Secretary of the NYC BOE.

29.     Defendant Jose Miguel Araujo (hereinafter "Defendant Araujo") is an NYC BOE Commissioner.

30.     Defendant John Flateau (hereinafter "Defendant Flateau") is an NYC BOE Commissioner.

31.     Defendant Lisa Grey (hereinafter "Defendant Grey") is an NYC BOE Commissioner.

32.     Defendant Michael Michel (hereinafter "Defendant Michel") is an NYC BOE Commissioner.

33.     Defendant Michael A. Rendino (hereinafter "Defendant Rendino") is an NYC BOE Commissioner.

34.     Defendant Alan Schulkin (hereinafter "Defendant Schulkin") is an NYC BOE Commissioner.

35.     Defendant Simon Shamoun (hereinafter "Defendant Shamoun") is an NYC BOE Commissioner.

36.     Defendant Rosanna Vargas (hereinafter "Defendant Vargas") is an NYC BOE Commissioner.

37.     Defendant Michael J. Ryan (hereinafter "Defendant Ryan") is Executive Director of the NYC BOE.

## FACTUAL ALLEGATIONS

### A.    The National Voter Registration Act

38.     Congress enacted the NVRA in 1993 "(1) to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office; (2) to make it possible for Federal, State, and local governments to implement this chapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office; (3) to protect the integrity of the electoral process; and (4) to ensure that accurate and current voter registration rolls are maintained."  52 U.S.C. § 20501.

39.     Section 8 of the NVRA governs a State's maintenance of the voter list in advance of a federal election.  Section 8(a) provides "that the name of a registrant may not be removed

from the official list of eligible voters except" for certain limited instances, including "a change

in the residence of the registrant, in accordance with" Section 8(d).  52 U.S.C. §§ 20507(a)(3)-

(4).

40.     Sections 8(a)(3) of the NVRA provides that "the name of a registrant may not be

removed from the official list of eligible voters except (A) at the request of the registrant, (B) as

provided by State law, by reason of criminal conviction or mental incapacity; or (C) as provided

under paragraph (4)."  52 U.S.C. § 20507(a)(3).  The further subsection referenced in Section

8(a)(3) refers to the removal of ineligible voters by reason of death or change in the residence of

the registrant in accord with the NVRA.  *Id*. § 20507(a)(4).

41.     Section 8(d) of the NVRA provides:

> A State shall not remove the name of a registrant from the official list of
> eligible voters in elections for Federal office on the ground that the
> registrant has changed residence unless the registrant—
>
> (A) confirms in writing that the registrant has changed residence to a
> place outside the registrar's jurisdiction in which the registrant is
> registered; or
>
> (B)(i) has failed to respond to a notice described in paragraph (2); and
> (ii) has not voted or appeared to vote (and, if necessary, correct the
> registrar's record of the registrant's address) in an election during the
> period beginning on the date of the notice and ending on the day after
> the date of the second general election for Federal office that occurs
> after the date of the notice.

*Id*. § 20507(d)(1).

42.     Section 8 further provides that if "the registrant . . . changed residence but

remained in the registrar's jurisdiction, the registrant should return the card not later than the

time provided for mail registration . . . ."  *Id*. § 20507(d)(2)(A).  If the voter does not return the

card, "affirmation or confirmation of the registrant's address may be required before the

registrant is permitted to vote in a Federal election during the period beginning on the date of the

notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice . . . ." *Id.*

**B.      Defendants Have Improperly Removed Registered Voters From The Voter Registration List**

43.      As further detailed in the attached declarations by the Individual Plaintiffs, Defendants removed Mr. Buscher, Mr. Hennessey, and other similarly situated individuals from the voter registration rolls without complying with Section 8 of the NVRA.

44.      Upon information and belief, Defendants have also removed Ms. Libed, Mr. Gerald, Ms. Miller, Ms. Milam, and other similarly situated individuals from the voter registration rolls without complying with Section 8 of the NVRA.

*Defendants Informed Mr. Buscher That They Cancelled His Voter Registration*

45.      Mr. Buscher is a permanent resident of New York State and New York City who registered to vote in New York City in 2008.

46.      Between 2008 and 2014, Mr. Buscher moved between various residences in New York City.  He voted in several elections during that time frame in New York City, including the 2008 and 2012 presidential election.

47.      At the time of the November 2012 presidential election, Mr. Buscher resided at 15 Ann Street, New York, NY, 10038 and voted in the polling place associated with that address.

48.      In February 2014, Mr. Buscher temporarily moved to Virginia to attend training related to his job at the United States Department of State.  In September of 2014, he temporarily moved abroad to do work for the United States Department of State.

49.      Though he temporarily moved, Mr. Buscher continued to maintain a residence in New York City during that period.

50.     Since 2014, Mr. Buscher's permanent address has been 1041 77th Street, Brooklyn, New York, 11228.

51.     Because Mr. Buscher knew he would not be in New York City on November 8, 2016, he applied for an absentee ballot on October 3, 2016.  He applied for the absentee ballot using his permanent address.

52.     Around October 19, 2016, he became concerned that he had not received a ballot or any notice regarding the status of his application.  Accordingly, he made several phone calls to the NYC BOE and branch offices to inquire as to the status of his ballot.

53.     An employee of the NYC BOE informed Mr. Buscher that his registration was not valid and the registration deadline for the November election had passed.

54.     Through the assistance of the Lawyers' Committee for Civil Rights Under Law, Mr. Buscher learned that the NYC BOE received a change of address for Mr. Buscher from the U.S. Postal Service to an address in Virginia in May 2014.  The NYC BOE then sent a Notice of Intent To Cancel his registration.

55.     Mr. Buscher never received that Notice and so could not respond to it.

56.     On August 5, 2014, the NYC BOE cancelled Mr. Buscher's voter registration, though two general elections for federal office had not occurred since it sent its notice to him.

57.     In informing Mr. Buscher of these events, the general counsel of the NYC BOE, Steven Richman, cited state law as Defendants' basis for removing him from the voter rolls.

58.     On November 3, 2016, following the initiation of this litigation, the NYC BOE agreed to restore Mr. Buscher's voter registration, and sent by federal express an absentee ballot for Mr. Buscher to cast his vote in the November 8, 2016 General Election.  Mr. Buscher

10

subsequently completed the absentee ballot and sent it back to the NYC BOE by overnight mail in time for arrival on or before November 8, 2016.

59.    The NYC BOE has not yet informed Mr. Buscher of whether his vote has been counted.

### Defendants Informed Mr. Hennessey That They Cancelled His Voter Registration

60.    Mr. Hennessey is a permanent resident of New York State and New York City who registered to vote in New York City in 2008.

61.    Between 2008 and 2014, Mr. Hennessy moved between various residences in New York City.  He voted in several elections during that time frame in New York City, including the 2008 and 2012 presidential election.

62.    At the time of the November 2012 presidential election, Mr. Hennessey resided at 15 Ann Street, New York, NY, 10038, and voted at the voting precinct associated with that address.

63.    In May of 2014, Mr. Hennessey temporarily moved to Virginia to join Mr. Buscher, who was attending a training program there.  In September of 2014, Mr. Hennessey temporarily moved abroad with Mr. Buscher for his job.

64.    Though he temporarily moved, Mr. Hennessey continued to maintain a residence in New York City during that period.

65.    Since 2014, Mr. Hennessey's permanent address has been 1041 77th Street, Brooklyn, New York, 11228.

66.    Because Mr. Hennessey knew he would not be in New York City on November 8, 2016, he applied for an absentee ballot on October 3, 2016.  He applied for the absentee ballot using his permanent address.

11

67.     Around October 19, 2016, he became concerned that he had not received a ballot or any notice regarding the status of his application.  Accordingly, he called the New York County and Kings County election offices to inquire about the status of his ballot.

68.     Employees at both offices informed Mr. Hennessey that his registration was not valid, he could not vote in the November 2016 election, and the deadline for registering for the election had passed.

69.     Through the assistance of the Lawyers' Committee for Civil Rights Under Law, Mr. Hennessey learned that the NYC BOE received a change of address for Mr. Hennessey from the U.S. Postal Service to an address in Virginia in May 2014.  The NYC BOE then sent a Notice of Intent To Cancel his registration.

70.     Mr. Hennessey never received that Notice and so could not respond to it.

71.     A NYC BOE employee informed Mr. Hennessey that the Notice was returned to it as undeliverable.

72.     On August 5, 2014, the NYC BOE cancelled Mr. Hennessey's voter registration, though two general elections for federal office had not passed.

73.     In informing Mr. Hennessey of these events, the general counsel of the NYC BOE, Steven Richman, cited state law as Defendants' basis for removing him from the voter rolls.

74.     On November 3, 2016, following the initiation of this litigation, the NYC BOE agreed to restore Mr. Hennessey's voter registration, and sent by federal express an absentee ballot for Mr. Hennessey to cast his vote in the November 8, 2016 General Election.  Mr. Hennessey subsequently completed the absentee ballot and sent it back by overnight mail to the NYC BOE to arrive on or before November 8, 2016.

75. The NYC BOE has not yet informed Mr. Hennessey of whether his vote has been counted.

### *Defendants Removed Ms. Libed From the Voter Registration Rolls*

76. Ms. Libed is a permanent resident of New York State and New York City who registered to vote in New York City in 2000.

77. Ms. Libed's current address is 788 Columbus Avenue, New York, New York 10025, and she has been registered to vote at that address for several years.

78. Prior to residing at 788 Columbus Avenue, Ms. Libed resided in Brooklyn, New York.

79. Ms. Libed has voted in numerous elections while registered at 788 Columbus Avenue, New York, New York 10025.

80. Ms. Libed voted in the April 2016 primary election by casting a regular ballot, and was registered at 788 Columbus Avenue, New York, New York 10025 at the time.

81. Before the November 2016 General Election, Ms. Libed received a flier in the mail that listed her polling place. This mailer listed Ms. Libed's correct name, address, and election district.

82. Ms. Libed attempted to vote in the November 8, 2016 General Election at the same polling place where she voted in the April 2016 primary election.

83. The poll worker informed Ms. Libed that her name was not in the poll book, and informed Ms. Libed that she could vote only by affidavit ballot.

84. Ms. Libed cast her vote in the November 8, 2016 General Election by affidavit ballot.

85.     An employee of the NYC BOE was unable to find Ms. Libed's registration under her current Manhattan address, or prior Brooklyn address.

86.     Ms. Libed never received Notice that her name was removed from the voter rolls.

**Defendants Cancelled Mr. Gerald's Voter Registration**

87.     Mr. Gerald is a permanent resident of New York State and New York City who registered to vote in New York City in or around 1980.

88.     Mr. Gerald currently resides at 103 Tompkins Circle, Staten Island, New York 10301, and has resided at this address since July 2013.  Previously, Mr. Gerald resided at 18 Ward Ave., Staten Island, New York 10304.  Both addresses are located within the same election district.

89.     Mr. Gerald has been registered to vote at 18 Ward Ave., Staten Island, New York 10304 since in or around 1980.  Mr. Gerald has used this address to vote in elections between 1980 through 2008.

90.     Mr. Gerald voted in the November 2008 General Election by regular ballot.

91.     On or around July 29, 2013, Mr. Gerald sold his residence at 18 Ward Ave. and did not update his voter registration information.

92.     On or around July 29, 2013, Mr. Gerald requested that the United States Postal Service forward his mail to his current residence, at 103 Tompkins Circle.

93.     Mr. Gerald attempted to vote in the November 8, 2016 General Election.  The poll worker informed Mr. Gerald that his name was not listed in the poll book.

94.     Mr. Gerald cast his vote for the November 8, 2016 General Election by affidavit ballot.

95.     On November 10, 2016, Mr. Gerald called the Richmond County Board of Elections to inquire about his voter registration status.  A Board of Elections employee informed Mr. Gerald that he was not registered to vote, and that he had been purged from the voter rolls in 2015.  The employee also informed Mr. Gerald that he was likely purged because he had not voted for some time, or had moved.

96.     The Board of Elections cancelled Mr. Gerald's voter registration in 2015.

97.     Upon information and belief, Defendants improperly removed Mr. Gerald from the voter rolls after his move in 2013, without waiting for him to fail to vote in two general elections for federal office.

98.     Mr. Gerald never received a Notice that his name was removed from the voter rolls.

99.     Mr. Gerald is worried that his ballot for the November 8, 2016 General Election will not be counted.

100.    On or around November 14, 2016, Mr. Gerald received a voter registration application from the Board of Elections.

### Defendants Cancelled Ms. Miller's Voter Registration

101.    Ms. Miller is a permanent resident of New York State and New York City. She has never moved out of New York City.

102.    Ms. Miller currently resides at 1641 3rd Avenue, New York, New York 10128, and has continuously resided there since in July 1980.  Ms. Miller has been registered to vote at this address since in or around July 1980.

103.    Ms. Miller voted in the April 2016 Primary Election, without incident, as a voter registered at 1641 3rd Avenue, New York, New York 10128.

15

104.    Ms. Miller attempted to vote in the November 8, 2016 General Election at the same polling place where she voted in the April 2016 Primary Election.  When Ms. Miller arrived at the polling place, the poll worker informed her that her name was not in the poll book, and that she could vote only by affidavit ballot.

105.    Ms. Miller cast her vote for the November 8, 2016 General Election by affidavit ballot.

106.    Ms. Miller is worried that her vote for the November 8, 2016 General Election will not be counted.

107.    Ms. Miller's voter registration has been removed from the voter rolls, though two general elections for federal office have not occurred since she last voted in the April 2016 Primary Election.

108.    Ms. Miller never received a Notice that her name was removed from the voter rolls.

### Defendants Cancelled Ms. Milam's Voter Registration

109.    Ms. Milam is a permanent resident of New York State and New York City since 2013.

110.    Ms. Milam currently resides at 209 East 88th Street, New York, New York 10128, and has resided there since approximately February 2015.  Ms. Milam registered to vote at this address in or around July or August 2015.

111.    Ms. Milam voted by regular ballot in the April 2016 Primary Election without incident, using her address at 209 East 88th Street, New York, New York 10128.

112.    Ms. Milam attempted to vote in the November 8, 2016 General Election.  When Ms. Milam arrived at the polling place, the poll worker informed Ms. Milam that her name was not in the poll book.

16

113.    Ms. Milam cast her vote for the November 8, 2016 General Election by affidavit ballot at the polling place listed for her election district.

114.    The New York State Voter Registration Lookup tool does not list Ms. Milam as a registered voter.

115.    Ms. Milam's voter registration has been removed from the voter rolls, though two general elections for federal office have not occurred since she last voted in the April 2016 Primary Election.

116.    Ms. Milam never received a Notice that her name was removed from the voter rolls.

### Defendants Have Improperly Purged Similarly Situated Voters From the Voter Registration List

117.    Upon information and belief, Defendants have removed many other similarly situated individuals from the voter registration list without complying with Section 8 of the NVRA.

118.    In April 2016, press reports revealed that the NYC BOE mistakenly removed more than 120,000 voters from the voter rolls before the presidential primary.

119.    Though the NYC BOE took steps to reinstate voters, the reinstatement only affected voters who were removed from the lists on June 18, 2015 and July 5, 2015. *See* http://www.wnyc.org/story/board-elections-returns-purged-brooklyn-voters-rolls/.

120.    Such measures, therefore, did not reinstate voters like Mr. Buscher and Mr. Hennessey, who were removed from the voter registration list on August 5, 2014.

121.    And such measures did not prevent the removal of voters such as Ms. Milam, Ms. Miller, and Ms. Libed, all of whom successfully voted in April 2016 but were forced to cast affidavit ballots on November 8, 2016.

## CLAIMS

### COUNT 1: Violations of Section 8 of the NVRA –
### Voter Registration List Maintenance

122.    Plaintiffs re-allege and incorporate all of the allegations contained in the previous

paragraphs of this complaint as though fully set forth herein.

123.    Section 8(d) of the NVRA provides:

> A State shall not remove the name of a registrant from the official list of
> eligible voters in elections for Federal office on the ground that the
> registrant has changed residence unless the registrant—
>
> (A) confirms in writing that the registrant has changed residence to a
> place outside the registrar's jurisdiction in which the registrant is
> registered; or
>
> (B)(i) has failed to respond to a notice described in paragraph (2); and
> (ii) has not voted or appeared to vote (and, if necessary, correct the
> registrar's record of the registrant's address) in an election during the
> period beginning on the date of the notice and ending on the day after
> the date of the second general election for Federal office that occurs
> after the date of the notice.

*Id*. § 20507(d)(1).

124.    Section 8(a)(3) prohibits the removal of any registrant "from the official list of

eligible voters" in any election for federal office unless the registrar complies with the

requirements of Sections 8(a)(3)(A)-(C) and Section 8(d). *Id*. § 20507(a)(3).

125.    Defendants removed Individual Plaintiffs, members of Common Cause NY, and

similarly situated voters from the voter registration rolls absent: (a) confirmation in writing that

Individual Plaintiffs and similarly situated voters changed residence to a place outside the

registrar's jurisdiction; or (b) failure to respond to the requisite notice provision, and failure to

vote or appear to vote, or correct the registrar's record of the registrant's address, in an election

during the period beginning on the date of the notice and ending on the day after the date of the

second general election for Federal office that occurred after the date of the notice.

18

126.     Defendants removed Individual Plaintiffs, members of Common Cause NY , and similarly situated voters from the voter registration rolls absent: (a) the request of the registrant; (b) reason of criminal conviction or mental capacity; or (c) conducting a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of (1) the death of the registrant, or (2) a change in the residence of the registrant, in accordance with sections 8(b), 8(c), and 8(d).

127.     The NYC BOE allegedly sent Mr. Buscher and Mr. Hennessey notices of intent to cancel in May 2014, and cancelled their registrations in August 2014, a mere three months after the NYC BOE issued the notices in violation of Section 8(d) of the NVRA.  Two general elections for federal office had not passed.  Mr. Buscher and Mr. Hennessey therefore should have remained on the voter registration rolls.

128.     The NYC BOE improperly removed Ms. Libed, Ms. Miller, and Ms. Milam from the voter registration rolls sometime between April 2016 and November 2016.  None of these individuals have changed their addresses, and their removal violates the NVRA.

129.     The NYC BOE improperly removed Mr. Gerald from the voter registration rolls in 2015, without providing notice of his removal and without waiting for two general elections for federal office to pass.

130.     The NYC BOE removed members of Common Cause NY and similarly situated voters from voter registration rolls in violation of Sections 8(a)(3) and 8(d) of the NVRA.

131.     Such voters were forced to vote by affidavit ballot on November 8, 2016 or were unable to do so.

**COUNT 2: Violations of Elections Clause, U.S. Const. Art. I, § 4, cl. 1;**

**42 U.S.C. § 1983 –**
**Federal Preemption**

132.    Plaintiffs re-allege and incorporate all of the allegations contained in the previous paragraphs of this complaint as though fully set forth herein.

133.    The Elections Clause of the U.S. Constitution mandates that federal law preempts state law in any area where Congress has taken action to "make or alter" the "Times, Places and Manner of holding Elections" for federal office.  U.S. Const. Art. I, § 4, cl. 1.

134.    Upon information and belief, the NYC BOE has consistently and systematically flouted the NVRA.

135.    The NYC BOE removed Individual Plaintiffs, members of Common Cause NY, and other similarly situated voters from the voter registration rolls under state election law in violation of Section 8.

136.    The NYC BOE's purge of voter registrants conflicts with the text, purpose, and intent of the NVRA by purging voter registrants absent written confirmation of change of residence outside the registrar's jurisdiction, or absent the registrant's failure to respond to notice of cancellation or failure to appear to vote, or correct the registrar's record of the registrant's address, in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurred after the date of the notice.

137.    The NVRA preempts the NYC BOE's implementation of any state law. Defendants therefore should reinstate Plaintiffs and other similarly situated voters to the voter registration rolls and count the affidavit ballots that they cast in the election held on November 8, 2016.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor and against Defendants as follows:

A.  An Order declaring that the Plaintiffs have been unlawfully purged from the voter registration rolls.

B.  An Order Declaring Defendants' purge of registered voters under New York State Election Law Section 5-402 is preempted by the NVRA.

C.  An Order Requiring Defendants to count the provisional ballots cast by the Individual Plaintiffs, members of Common Cause NY, and those similarly situated to the Individual Plaintiffs.

D.  An Order Requiring Defendants to restore the registration of Individual Plaintiffs, members of Common Cause NY, and any similarly-situated voters whose voter registration Defendants have purged.

E.  An award of attorneys' fees and costs pursuant to 52 U.S.C. § 20510 and 42 U.S.C. § 1983.

F.  Any other relief the Court deems just and proper.

Dated:  December 9, 2016                    Respectfully submitted,


                                            By: _/s/ May K. Chiang_____
                                                Neil A. Steiner
                                                Mauricio A. España
                                                May K. Chiang
                                                Jamie Hacker
                                                Negin Hadaghian

                                            DECHERT LLP
                                            1095 Avenue of the Americas
                                            New York, NY 10036
                                            (212) 698-3822
                                            neil.steiner@dechert.com

Juan Cartagena
Jose Perez
Joanna E. Cuevas Ingram
LatinoJustice PRLDEF
99 Hudson Street, 14th Floor
New York, NY 10013
(212) 219-3360
jcartagenca@latinojustice.org
jcuevas@latinojustice.org

Ezra D. Rosenberg
John Powers
LAWYERS' COMMITTEE FOR CIVIL
RIGHTS UNDER LAW
1401 New York Avenue NW, Suite 400
Washington, DC 20005
(202) 662-8389
erosenberg@lawyerscommittee.org
(*Pro hac vice admission pending*)