**U.S. Department of Justice**

Civil Rights Division

---

*Voting Section - NWB*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

January 12, 2017

**VIA ECF**

Honorable Nicholas G. Garaufis
Senior United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   ***Common Cause New York et al. v. Board of Elections in the City of New York et al.*,**
     **Civil Action 1:16-cv-6122-NGG-VMS**

Dear Judge Garaufis:

The United States respectfully submits this letter to seek Court approval to intervene in the above-captioned action, in which Common Cause New York and the six named Plaintiffs (collectively, "Private Plaintiffs") allege violations of Section 8 of the National Voter Registration Act (the "NVRA") against the Board of Elections in the City of New York and its Commissioners and Executive Director (collectively, the "NYCBOE"). The Principal Deputy Assistant Attorney General for the Civil Rights Division has authorized a lawsuit against the NYCBOE for violations of Section 8 of the NVRA. Where the government's claims are based upon a statute administered by the agency, and raise factual and legal questions that are already at issue in pending litigation, timely intervention by the Attorney General should be permitted.

The United States submits this letter pursuant to the Court's Individual Rule III(A)(2), requesting a pre-motion conference. However, for the reasons set forth below, and because the parties to the action have consented to intervention by the United States, a conference and full motion practice may not be necessary. Accordingly, the United States respectfully requests that the Court construe this letter-motion as an unopposed motion to intervene pursuant to Federal Rules of Civil Procedure 24(b)(2)(A) or 24(b)(1)(B). The United States' proposed Complaint in Intervention is attached hereto as Exhibit 1. A proposed Order is attached hereto as Exhibit 2.

**Procedural Background**

In April 2016, the United States began to investigate allegations that the Brooklyn Borough Office of the NYCBOE had improperly removed approximately 117,000 names from the voter rolls. On November 3, 2016, while the United States' investigation was ongoing, Private Plaintiffs filed their Complaint, which alleged that two named plaintiffs and similarly situated voters had been removed from the list of registered voters in violation of Section 8(d) of the NVRA. ECF No. 1. Private Plaintiffs and the NYCBOE entered into a Joint Stipulation resolving the motion for preliminary injunction on November 4, 2016. ECF No. 8. On December 10, 2016, Private Plaintiffs filed an Amended Complaint, which added four additional named plaintiffs and additional claims under Section 8 of the NVRA. ECF No. 13. The Court

ordered the NYCBOE to respond to the Amended Complaint by January 9, 2017.  ECF No. 15.  On January 6, 2017, the NYCBOE notified the Court of its consent to the United States' request to intervene in this case, and requested a four-week extension of time to respond to the Private Plaintiffs' Amended Complaint to permit the parties, including the United States, time to discuss an appropriate resolution of this matter.  ECF No. 16.  The Court granted that request, and the Defendants' response to the Amended Complaint is due February 6, 2017.  ECF No. 17.

I.   **This Court Should Permit the United States to Intervene Under Rule 24(b)(2)(A) – Permissive Intervention by a Government Agency**

Federal Rule of Civil Procedure 24(b)(2)(A) states: "On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on[] a statute or executive order administered by the officer or agency[.]"  The Second Circuit has instructed courts to take a hospitable attitude toward allowing a government agency to intervene in cases involving a statute it is required to enforce.  *See Disability Advocates, Inc. v. Paterson*, No. 03-CV-3209-NGG, 2009 WL 4506301, at *2 (E.D.N.Y. Nov. 23, 2009) (Garaufis, J.) (citing *Blowers v. Lawyers Coop. Publ. Co.*, 527 F.2d 333, 334 (2d Cir. 1975)).

Rule 24(b) provides that a motion for permissive intervention be "timely," Fed. R. Civ. P. 24(b)(1), and states that the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights," Fed. R. Civ. P. 24(b)(3); *Disability Advocates, Inc.*, 2009 WL 4506301, at *2.  All such factors favor granting the United States' motion for permissive intervention under Rule 24(b)(2)(A).

First, the United States' motion to intervene is timely and will not delay or impair the original parties' rights.  The United States moves to intervene within two months' notice of the litigation, and within only a few weeks' notice regarding the significant new claims raised in the Amended Complaint.  Moreover, the United States' request to intervene in this matter will not unduly prejudice any party by delaying these proceedings.  The NYCBOE has not yet filed a responsive pleading and the parties have so far agreed to multiple extensions of applicable filing deadlines.  The fact that the original parties consent to the United States' request to intervene counsels strongly against a finding of undue prejudice.

Second, the United States' enforcement interests here are strong, and not adequately represented by the original parties.  The United States is the governmental entity with primary responsibility for enforcing the NVRA.  *See* 52 U.S.C. § 20510(a).  Denying the motion to intervene would impair these enforcement interests by requiring the United States to initiate parallel litigation concerning many of the same legal and factual issues—*e.g.*, whether the NYCBOE voter list maintenance program complies with Section 8 of the NVRA—which in turn raises the possibility of inconsistent legal rulings or overlapping remedial orders.  Moreover, the United States' enforcement interests are not adequately represented by the original parties because the United States seeks relief that is broader than that currently requested by Private Plaintiffs.  While the Amended Complaint only requests an order requiring the NYCBOE to restore the registrations and count the ballots of the named plaintiffs and similarly situated voters, ECF No. 13, at 21, the United States' proposed Complaint in Intervention asks the Court to remedy deficient oversight practices that led to the unlawful cancellation of active voters in

2

Brooklyn in the past, and unless enjoined, are likely to cause the same or similar unlawful cancellations in the future, Proposed Compl. in Intervention, Ex. 1, at 13-14 ¶¶ 69-76.

Third, the United States' participation will help to achieve a just and equitable resolution of the legal questions presented in this action to the benefit of all New York City voters and the public interest. Adjudicating the Private Plaintiffs' and the United States' distinct but overlapping factual allegations in a single action is more likely to result in a comprehensive resolution of the underlying issues affecting the NYCBOE to the benefit of the voting public. Doing so will also conserve scarce judicial resources.

**II.     In the Alternative, This Court Should Permit the United States to Intervene Under Rule 24(b)(1)(B) Due to Common Questions of Law or Fact**

Permissive intervention is also warranted under Federal Rule of Civil Procedure 24(b)(1)(B). The threshold requirement for such intervention is a claim or defense that shares with the main action a common question of law or fact. *See United States v. City of N.Y.*, No. 07-CV-2067-NGG-RLM, 2012 WL 314353, at *3 (E.D.N.Y. Feb. 1, 2012) (Garaufis, J.), *aff'd in part, vacated in part on other grounds*, 717 F.3d 72 (2d Cir. 2013).

Like the Private Plaintiffs' Amended Complaint, the United States' proposed Complaint in Intervention alleges that the NYCBOE removed voters in violation of Section 8(a)(4) and Section 8(d) of the NVRA. *Compare* ECF No. 13, at 18-19 ¶¶ 122-131, *with* Proposed Compl. in Intervention, Ex. 1, at 14-15 ¶¶ 77-81. Similarly, like the Amended Complaint, the United States' proposed Complaint in Intervention alleges that the NYCBOE unlawfully removed 117,000 Brooklyn voters from the voting rolls prior to the April 2016 presidential preference primary election. *Compare* ECF No. 13, at 17 ¶¶ 117-120, *with* Proposed Compl. in Intervention, Ex. 1, at 6-13 ¶¶ 26-68. Accordingly, the United States' proposed Complaint in Intervention shares with the main action both common questions of law and common questions of fact and the United States should be permitted to intervene under Rule 24(b)(1)(B).

For the foregoing reasons, this Court should find that a pre-motion conference is not necessary, construe this letter-motion as the United States' Unopposed Motion to Intervene pursuant to Federal Rules of Civil Procedure 24(b)(2)(A) or 24(b)(1)(B), and grant that motion, permitting the United States to intervene in this matter.

Respectfully submitted,

|  |  |
|---|---|
|  | ROBERT L. CAPERS |
| /s/ Kaycee M. Sullivan | United States Attorney |
| T. CHRISTIAN HERREN, JR. |  |
| RICHARD A. DELLHEIM | By:   /s/ Michael J. Goldberger |
| KAYCEE M. SULLIVAN | MICHAEL J. GOLDBERGER |
| ALEXANDER G. TISCHENKO | Chief of Civil Rights |
| Attorneys, Voting Section | Civil Division |
| Civil Rights Division | (718) 254-6052 |

cc:     Counsel for all parties (by ECF and/or email)