UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

COMMON CAUSE NEW YORK, as an organization and on behalf of its members; BENJAMIN BUSCHER; SEAN HENNESSEY; REBECCA LIBED; ANDREW GERALD; SUSAN MILLER; and SARAH MILAM;

                                                         Plaintiffs,

v.

BOARD OF ELECTIONS IN THE CITY OF NEW YORK; MARIA R. GUASTELLA, FREDERIC M. UMANE, JOSE MIGUEL ARAUJO, JOHN FLATEAU, LISA GREY, MICHAEL MICHEL, MICHAEL A. RENDINO, ALAN SCHULKIN, SIMON SHAMOUN, ROSANNA VARGAS, in their official capacities as Commissioners of the Board of Elections in the City of New York; and MICHAEL J. RYAN, in his official capacity as the Executive Director of the Board of Elections in the City of New York;

                                                         Defendants.

------------------------------------------------------------------------ x

16 CV 6122 (NGG)(VMS)

**ANSWER TO THE**
**AMENDED COMPLAINT**

        Defendants Board of Elections in the City of New York, Maria R. Guastella, Frederic M. Umane, Jose Miguel Araujo, John Flateau, Lisa Grey, Michael Michel, Michael A. Rendino, Alan Schulkin, Simon Shamoun, Rosanna Vargas and Michael J. Ryan, by and through their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to the First Amended Complaint for Injunctive and Declaratory Relief (the "Amended Complaint," Docket No. 13), respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph 1 of the Amended Complaint, except admit that Plaintiffs purport to proceed as set forth therein.

        2.    Deny the allegations in paragraph 2 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

3. Deny the allegations set forth in paragraph 3 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

4. Deny the allegations set forth in paragraph 4 of the Amended Complaint, except admit that plaintiffs Buscher and Hennessey voter registrations were improperly cancelled and affirmatively state that their registrations have been reinstated and they have been restored to active status.

5. Deny the allegations set forth in paragraph 5 of the Amended Complaint.

6. Admit the allegation set forth in paragraph 6 of the Amended Complaint.

7. Deny the allegations set forth in paragraph 7 of the Amended Complaint except admit that plaintiffs purport to proceed as set forth therein.

8. Deny the allegations set forth in paragraph 8 of the Amended Complaint except admit that plaintiffs purport to proceed as set forth therein.

9. Deny the allegations set forth in paragraph 9 of the Amended Complaint except admit that plaintiffs purport to proceed as set forth therein.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18. Admit the allegations set forth in paragraph 18 of the Amended Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25. Deny the allegations set forth in paragraph 25 of the Amended Complaint, and respectfully refer the Court to the New York Election Law for a full and complete description of the Board's duties and responsibilities.

26. Deny the allegations set forth in paragraph 26 of the Amended Complaint except admit that plaintiffs purport to proceed as set forth therein.

27. Deny the allegation set forth in paragraph 27 of the Amended Complaint except admit that defendant Guastella is a Commissioner of Elections in the City of New York.

28. Deny the allegation set forth in paragraph 28 of the Amended Complaint except admit that defendant Umane is a Commissioner of Elections in the City of New York and is currently serving as the President of the Board of Elections in the City of New York.

29. Admit the allegations set forth in paragraph 29 of the Amended Complaint.

30. Admit the allegations set forth in paragraph 30 of the Amended Complaint.

31. Admit the allegations set forth in paragraph 31 of the Amended Complaint.

32. Admit the allegations set forth in paragraph 32 of the Amended Complaint.

33. Admit the allegations set forth in paragraph 33 of the Amended Complaint.

34. Admit the allegations set forth in paragraph 34 of the Amended Complaint.

35. Admit the allegations set forth in paragraph 35 of the Amended Complaint.

36. Admit the allegations set forth in paragraph 36 of the Amended Complaint and affirmatively state that defendant Vargas is currently serving as Secretary of the Board of Elections in the City of New York.

37. Admit the allegations set forth in paragraph 37 of the Amended Complaint.

38. Deny the allegations in paragraph 38 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

39. Deny the allegations in paragraph 39 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

40. Deny the allegations in paragraph 40 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

41. Deny the allegations in paragraph 41 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

42. Deny the allegations in paragraph 42 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

43. Deny the allegations set forth in paragraph 43 of the Amended Complaint.

44. Deny the allegations set forth in paragraph 44 of the Amended Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Amended Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Amended Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint except admit that plaintiff Buscher applied for an absentee ballot for the November 8, 2016 General Election on or about October 3, 2016.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56. Admit the allegations set forth in paragraph 56 of the Amended Complaint.

57. Admit the allegations set forth in paragraph 57 of the Amended Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint except admit that following the filing of the instant action, the Board restored plaintiff Buscher's registration status to "Active" and sent him, via USPS overnight mail, an absentee ballot, and that such ballot was voted.

59. Admit the allegations set forth in paragraph 59 of the Amended Complaint and affirmatively state that if an absentee ballot is cast and canvassed in accordance with the New York Election Law, no notification is sent to the voter.

60. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

61. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Amended Complaint.

62. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Amended Complaint.

63. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Amended Complaint.

64. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint.

65. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint.

66. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint except admit that plaintiff Hennessey applied for an absentee ballot for the November 8, 2016 General Election on or about October 3, 2016.

67. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Amended Complaint.

71. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Amended Complaint.

72. Admit the allegations set forth in paragraph 72 of the Amended Complaint.

73. Admit the allegations set forth in paragraph 73 of the Amended Complaint.

74. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 of the Amended Complaint except admit that following the filing of the instant action, the Board restored plaintiff Hennessey's registration status to "Active" and sent him, via USPS overnight mail, an absentee ballot, and that such ballot was voted.

75. Admit the allegations set forth in paragraph 75 of the Amended Complaint and affirmatively state that if an absentee ballot is cast and canvassed in accordance with the New York Election Law, no notification is sent to the voter.

76. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Amended Complaint.

77. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Amended Complaint.

78. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Amended Complaint.

79. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint.

80. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of Amended Complaint.

81. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Amended Complaint.

82. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Amended Complaint.

83. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Amended Complaint.

84. Admit the allegations set forth in paragraph 84 of the Amended Complaint.

85. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 85 of the Amended Complaint.

86. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 86 of the Amended Complaint.

87. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 87 of the Amended Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 88 of the Amended Complaint.

89. Admit the allegations set forth in paragraph 89 of the Amended Complaint.

90. Admit the allegations set forth in paragraph 90 of the Amended Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 92 of the Amended Complaint.

93. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 93 of the Amended Complaint.

94. Deny the allegations set forth in paragraph 94 of the Amended Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint.

96. Admit the allegations set forth in paragraph 69 of the Amended Complaint.

97. Deny the allegations set forth in paragraph 97 of the Amended Complaint.

98. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 98 of the Amended Complaint.

99. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 99 of the Amended Complaint.

100. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 100 of the Amended Complaint.

101. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 101 of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 102 of the Amended Complaint.

103. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 103 of the Amended Complaint except admit that plaintiff Miller voted in the April 2016 Presidential Primary Election at the poll site for persons registered to vote from 1641 3rd Avenue, New York, New York.

104. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Amended Complaint.

105. Admit the allegations set forth in paragraph 105 of the Amended Complaint.

106. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 106 of the Amended Complaint.

107. Deny the allegations set forth in paragraph 107 of the Amended Complaint.

108. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 108 of the Amended Complaint.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 109 of the Amended Complaint.

110. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Amended Complaint.

111. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 111 of the Amended Complaint except admit that plaintiff Miller voted in the April 2016 Presidential Primary Election at the poll site for persons registered to vote from 209 East 88th Street, New York, New York.

112. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 104 of the Amended Complaint.

113. Admit the allegations set forth in paragraph 105 of the Amended Complaint.

114. Deny the allegations set forth in paragraph 114 of the Amended Complaint.

115. Deny the allegations set forth in paragraph 115 of the Amended Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint.

117. Deny the allegations set forth in paragraph 117 of the Amended Complaint.

118. Deny the allegations set forth in paragraph 118 of the Amended Complaint and respectfully refer the Court to the "press reports" referred to for their full text and import.

119. Deny the allegations set forth in paragraph 119 of the Amended Complaint and respectfully refer the Court to the website cited for its full text and import.

120. Admit the allegations set forth in paragraph 120 of the Amended Complaint.

121. Deny the allegations set forth in paragraph 121 of the Amended Complaint.

122. Repeat and reallege each and every response set forth on paragraphs 1-121 above as if set forth fully herein.

123. Deny the allegations set forth in paragraph 123 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

124. Deny the allegations set forth in paragraph 124 of the Amended Complaint and respectfully refer the Court to the statute cited for its full text and import.

125. Deny the allegations set forth in paragraph 125 of the Amended Complaint except admit that plaintiffs Buscher and Hennessey were removed from the voter registration list absent a writing signed by them that they had moved out of the city of New York or the passage of two consecutive federal elections after they failed to respond to a confirmation notice.

126. Deny the allegations set forth in paragraph 126 of the Amended Complaint except admit that plaintiffs Buscher and Hennessey were removed from the voter registration list absent a writing signed by them that they had moved out of the city of New York or the passage of two consecutive federal elections after they failed to respond to a confirmation notice and respectfully refer the Court to the statute cited for its full text and import.

127. Deny the allegations set forth in paragraph 127 of the Amended Complaint except admit that defendant Board removed plaintiffs Buscher and Hennessey and from the voter registration rolls prior to the passage of two consecutive federal elections from the date upon which they failed to timely respond to confirmation notices.

128. Deny the allegations set forth in paragraph 128 of the Amended Complaint.

129. Deny the allegations set forth in paragraph 129 of the Amended Complaint except admit that defendant Board removed plaintiff Gerald from the voter registration rolls in 2015.

130. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 130 of the Amended Complaint.

131. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 131 of the Amended Complaint.

132. Repeat and reallege each and every response set forth on paragraphs 1-132 above as if set forth fully herein.

133. Deny the allegations set forth in paragraph 133 of the Amended Complaint and respectfully refer the Court to the section of the United States Constitution for its full text and import.

134. Deny the allegations set forth in paragraph 134 of the Amended Complaint.

135. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Amended Complaint.

136. Deny the allegations set forth in paragraph 136 of the Amended Complaint and respectfully refer the Court to the NVRA for its full text and import.

137. Deny the allegations set forth in paragraph 137 of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

138. The Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**WHEREFORE**, Defendants respectfully request that the Amended Complaint be dismissed in its entirety, and that they be awarded such other and further relief as this Court deems just and proper.

Dated:     New York, New York
           February 27, 2017

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
Attorney for Defendants
100 Church Street, Room 2-126
New York, New York  10007
(212) 356-2087

By:     s/Stephen Kitzinger
        Stephen Kitzinger
        Assistant Corporation Counsel