UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
COMMON CAUSE NEW YORK et al.,

                Plaintiffs,

      -against-

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK et al.,

                Defendants.
-------------------------------------------------------------------X

**ORDER**

**16-CV-6122 (NGG) (RML)**

NICHOLAS G. GARAUFIS, United States District Judge.

    On November 3, 2016, Plaintiffs Common Cause New York and several individual registered voters[1] brought this action against the Board of Elections in the City of New York ("NYCBOE"), and NYCBOE officers Maria R. Guastella, Frederic M. Umane, Jose Miguel Araujo, John Flateau, Lisa Grey, Michael Michel, Michael A. Rendino, Alan Schulkin, Simon Shamoun, Rosanna Vargas, and Michael J. Ryan (collectively, "Defendants"). In their complaint, those plaintiffs allege that they and other registered voters in New York were improperly removed from official voter registration lists in violation of the National Voter Registration Act, 52 U.S.C. § 20501 et seq. ("NVRA"). (Compl. (Dkt. 1).) With leave of the court, the United States of America and the State of New York intervened as plaintiffs on January 17, 2017, and January 30, 2017, respectively. (United States Intervenor Compl. (Dkt. 23); New York Intervenor Compl. (Dkt. 29).)

    On October 31, 2017, the parties jointly presented the court with a "proposed consent judgment and decree" (the "Proposed Consent Decree") which purports to settle, for the most

---

[1] Those plaintiffs' complaint initially named Benjamin Buscher and Sean Hennessey as plaintiffs. (Compl. (Dkt. 1).) That complaint was subsequently amended to add as plaintiffs Andrew Gerald, Rebecca Libed, Sarah Milam, and Susan Miller. (Am. Compl. (Dkt. 13).)

1

part,[2] the claims raised by the parties, and requested the court's approval. (Mot. to Approve Consent Decree (Dkt. 61); Proposed J. ("Proposed Consent Decree") (Dkt. 61-1).) Under the terms of the Proposed Consent Decree, the NYCBOE admits that, through a number of specified practices, it "has not complied with voter list maintenance procedures required by Section 8 of the [National Voter Registration Act] and Article 5 of the New York Election Law." (Proposed Consent Decree ¶ 22.) Accordingly, the Proposed Consent Decree would require the NYCBOE to identify voters who were improperly removed from registration lists between July 1, 2013, and the date on which the order enters into effect, and reinstate those voters' registrations. (Id. ¶ 23.) The Proposed Consent Decree also sets forth a framework for developing and implementing "uniform policies and procedures" for preventing similar violations by the NYCBOE in the future and to ensure that the NYCBOE maintains "accurate and current voter registration lists for elections for federal office" in a manner that complies with federal and state law. (Id. ¶ 24.) Those policies and procedures are to be developed under a "three-part strategy," in which the NYCBOE would be required to (1) "[c]reate a Comprehensive Remedial Plan ['CRP"] for the development and implementation of such uniform policies and procedures;" (2) "[d]esignate specific NYCBOE employees to be responsible for the development and implementation of such uniform policies and procedures described in the [CRP]" and (3) "carry out the [CRP] and comply with . . . reporting and enforcement obligations" set forth in the proposed order. (Id. ¶ 25.) The Proposed Consent Decree fills in each prong of these requirements with significant detail. Finally, the Proposed Consent Decree requires the court to approve the final CRP agreed to by the parties (id. ¶ 27) and resolve disputes between the parties as to the implementation of the Proposed Consent Decree and the CRP (id. ¶¶ 27, 41(c)). After no fewer

---

[2] The Proposed Consent Decree explicitly leaves open the issue of the private plaintiffs' entitlement to an award of reasonable attorneys' fees and costs. (Proposed Consent Decree (Dkt. 61-1).)

than two federal election cycles have passed, the decree may be terminated within 30 days by written consent of the parties or by the court if it determines that the NYCBOE has complied with the terms of the order. (Id. ¶ 44.)

When the court reviews a proposed consent decree entered into by an "enforcing agency,"[3] it is required to determine whether the decree is "fair and reasonable" and, if the decree involves injunctive relief, that "the public interest would not be disserved" by its entry. SEC v. Citigroup Global Mkts., Inc., 752 F.3d 285, 294 (2d Cir. 2014). In determining whether a proposed consent decree is "fair and reasonable," the court should consider four factors:

> (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind.

Id. at 295 (internal citations omitted). With respect to the "public interest" requirement, the determination of the federal government on this point is entitled to substantial deference from the court and generally should not be overturned absent a finding that the decree's "substantive terms negatively impact that interest (for example, by 'barr[ing] private litigants from pursuing their own claims independent of the relief obtained under the consent decree')." Int'l Bus. Machs., 2014 WL 3057960, at *4 (quoting Citigroup, 752 F.3d at 297).

---

[3] Neither the Second Circuit nor any other court has defined what is meant by "an enforcement agency" in this context or whether this standard applies to actions involving both public and private plaintiffs, and most of the orders to which that standard has been applied involved the Securities and Exchange Commission, the Environmental Protection Agency, and other agencies that are charged with administering specific regulatory statutes. See, e.g., SEC v. Citigroup Global Mkts., Inc., 752 F.3d 285, 294 (2d Cir. 2014) (action brought by Securities and Exchange Commission); United States v. Int'l Bus. Machs. Corp, No. 14-CV-936 (KMK), 2014 WL 3057960 (S.D.N.Y. July 7, 2014) (action brought on behalf of Environmental Protection Agency). In the court's view, however, this standard is fairly extended to the Proposed Consent Decree at bar: the NVRA contains a section, "[c]ivil enforcement and private right of action," that creates a right of action for both Attorney General of the United States and private litigants. 52 U.S.C. § 20510. This section thus envisions that the Department of Justice will act as the "enforcing agency" of the NVRA, placing it within the coverage of the Second Circuit's guidance in Citigroup.

The standard for undertaking this review is highly deferential, and "[a]bsent a substantial basis in the record for concluding that the proposed consent decree <u>does not</u> meet these requirements, the district court is <u>required</u> to enter the order." <u>Citigroup</u>, 752 F.3d at 294 (emphasis added). Similarly, while "the court should 'establish that a factual basis exists for the proposed decree[]'" before approving it, "in general the parties can meet this requirement by 'setting out the colorable claims, supported by factual averments by [the enforcing agency], neither admitted nor denied by the wrongdoer.'" <u>S.E.C. v. CR Intrinsic Inv'rs, LLC</u>, 26 F. Supp. 3d 260, 264 (S.D.N.Y. 2014) (quoting <u>Citigroup</u>, 752 F.3d at 295).

The court has no difficulty in concluding that the Proposed Consent Decree meets this standard. At the outset, the court concludes that the NYCBOE's detailed admission of fault, as set forth in the Proposed Consent Decree (Proposed Consent Decree ¶ 22), provides a sufficient factual basis for approving the decree. Moreover, the court finds the order to be "fair and reasonable": it is clearly within the court's authority under the NVRA to enter the order, <u>see</u> 52 U.S.C. § 20510, and the terms of the order are clear and directly responsive to the allegations in the operative complaints, with no indication of improper collusion. With respect to the public interest, the court sees no reason to challenge the judgment of the Department of Justice, which is due substantial deference. <u>See Citigroup</u>, 752 F.3d at 297.

Accordingly, the court GRANTS the parties' joint motion to approve the Proposed Consent Decree (Dkt. 61). The Clerk of Court is respectfully DIRECTED to enter the Proposed Consent Decree (Dkt. 61-1) as the judgment of the court.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
December 13, 2017

NICHOLAS G. GARAUFIS
United States District Judge