

U.S. Department of Justice

Civil Rights Division

Voting Section – 4CON
150 M Street NE /Room 8.143
Washington, DC  20530

March 26, 2020

VIA ECF

Honorable Nicholas G. Garaufis
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Common Cause v. Board of Elections in the City of New York*
              Civil Action No. 1:16-cv-6122 (NGG) (RML) (E.D.N.Y.)

Dear Judge Garaufis:

      Pursuant to Paragraph 27 of the Consent Judgment and Decree entered by this Court on December 14, 2017 (ECF No. 66), the United States respectfully requests that the Comprehensive Remedial Plan submitted to the Court by Defendants Board of Elections of the City of New York *et al*. on March 13, 2020 (ECF No. 80), be so ordered.  The Plaintiffs Common Cause *et al*., Plaintiff-Intervenor United States, and Plaintiff-Intervenor State of New York have not objected to the Comprehensive Remedial Plan, and this Court may so order the Plan "if deemed appropriate by the Court."  Consent Decree ¶ 27.  Defendants oppose this request.

      A court-ordered remedial plan is appropriate because it will serve as an enforceable baseline to help ensure Defendants' future compliance with Section 8 of the National Voter Registration Act ("NVRA"), 52 U.S.C. § 20507.  Judicial relief is especially apt given the protracted process between entry of the Consent Decree in 2017 and Defendants' submission of the Comprehensive Remedial Plan in 2020.  The Decree required Defendants to file its Plan by May 13, 2018, 150 days after entry of the Decree.  Consent Decree ¶ 27.  That did not happen.  Instead, Defendants did not finalize an acceptable Plan until nearly two years later—despite Plaintiffs' best efforts to speed finalization of that Plan.

      Should Defendants fail to comply with its Plan or encounter implementation problems in the coming months, negotiations between the parties may alone fail to protect the rights of New York voters with suitable speed.  It is therefore appropriate for this Court to provide an enforcement mechanism to ensure that any implementation issues be addressed and cured swiftly.

      And while it is possible that New York's Election Law may be amended before the Consent Decree ends, a court-ordered Comprehensive Remedial Plan would not preclude

Defendants from meeting any new state law requirements. Rather, judicial supervision would ensure that any resulting amendments to Defendants' procedures also comply with the NVRA.

The United States has met and conferred with all parties. Plaintiffs Common Cause *et al.* and Plaintiff-Intervenor State of New York consent to the relief requested. Defendants do not.

Respectfully Submitted,

| | |
|---|---|
| RICHARD P. DONOGHUE<br>United States Attorney | ERIC S. DREIBAND<br>Assistant Attorney General<br><br>ELLIOTT M. DAVIS<br>Acting Principal Deputy<br>Assistant Attorney General<br>Civil Rights Division |
| */s/ Michael J. Goldberger*<br>MICHAEL J. GOLDBERGER<br>Chief of Civil Rights<br>Civil Division<br>Eastern District of New York<br>271 Cadman Plaza East<br>Brooklyn, NY 11201<br>(718) 254-6052 | */s/ Daniel J. Freeman*<br>T. CHRISTIAN HERREN, JR.<br>RICHARD A. DELLHEIM<br>DANIEL J. FREEMAN<br>RACHEL R. EVANS<br>Attorneys, Voting Section<br>Civil Rights Division<br>U.S. Department of Justice<br>4 Constitution Square<br>150 M Street NE / Room 8.143<br>Washington, DC 20530<br>(202) 305-4355 |